IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00167-MR
CRIMINAL CASE NO. 1:04-cr-00040-MR-WCM-1

| | |
|---|---|
| STEPHEN ARTHUR LACY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CV[1] Doc. 1] and the Petitioner's "Motion to Allow Filing of a Lesser Number of Copies" [CV Doc. 2].

**I.   BACKGROUND**

In December 2005, the Defendant was convicted of one count of Hobbs robbery and one of possession of a firearm during and in relation to a crime of violence.  He was sentenced to a total of 288 months'

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:20-cv-00167-MR or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:04-cr-00040-MR-WCM-1.

imprisonment. [CR Doc. 32]. The Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. [CR Docs. 45, 46].

On June 23, 2016, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) was invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CR Doc. 52]. On December 12, 2019, the Court denied the Petitioner's motion to vacate and declined to issue a certificate of appealability. [CR Doc. 56].

On June 20, 2020, the Petitioner delivered to prison officials for mailing the present Motion to Vacate.[2] [CV Doc. 1]. The Petitioner attached to his Motion a copy of his Application for Leave to File Second or Successive Petition or Motion under 28 U.S.C. § 2255 that was filed in the Fourth Circuit Court of Appeals. [CV Doc. 1-2]. On July 7, 2020, the Fourth Circuit denied the Petitioner's Application. [CR Doc. 60].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides a specific limitation on a prisoner's

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's pleadings are deemed filed upon "delivery to prison authorities, not receipt by the clerk." United States v. McNeill, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting Houston v. Lack, 487 U.S. 266, 275 (1988).

ability to bring a second or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fourth Circuit has denied the Petitioner's application for leave to file a second or successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present § 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CV Doc. 1] is **DISMISSED** as an unauthorized, successive § 2255 motion;

(2) The Petitioner's "Motion to Allow Filing of a Lesser Number of Copies" [CV Doc. 2] is **DENIED AS MOOT**; and

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge

4

Case 1:20-cv-00167-MR   Document 3   Filed 08/04/20   Page 4 of 4